UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANNY ROBLES                    : CIVIL ACTION NO.
Plaintiff,                      :
                                :      2019 APR 15  P 3:32
                                :      U.S. DISTRICT COURT
                                :      NEW HAVEN, CT.
VS.                             :
                                :      3:19cv 566(VAB)
NEW HAVEN POLICE                :
OFFICERS:                       :
                                :
MARK SALVATI                    :
JUSTIN ROSELLE                  :
EDUARDO LEONARDO                :
JOHN GREGORGCYK                 :
ANTHONY MAGNANO                 :
MATTHEW BORGES                  :
FRANCISCO SANCHEZ               :
MARTIN FELICIANO                :
                                :
Defendants.                     : APRIL 15, 2019

## COMPLAINT

### INTRODUCTION

This is an action for money damages to redress the deprivation by the

defendants of rights secured to the plaintiff by the Constitution and laws of the United

States and the State of Connecticut.  In the early evening hours of April 26, 2017, the

Plaintiff was in his motor vehicle, obeying all traffic laws when he was stopped,

searched and brutally assaulted by several New Haven police officers.

### JURISDICTION

1

Jurisdiction of this Court is invoked under the provisions of §§1331, 1343(3) and 1367(a) of Title 28 and §§1983 and 1988 of Title 42 of the United States Code, and under the pendent jurisdiction of this court with respect to the causes of action arising under state law.

### COUNT ONE

1. During all times mentioned in this Complaint, the Plaintiff DANNY ROBLES was, and still is, an adult citizen of the United States residing in New Haven, Connecticut.

2. During all times mentioned in this Complaint, all individually named Defendants were duly appointed officers in the Police Department of the City of New Haven, Connecticut, acting in their official capacities.  They are sued, however, in their individual capacities.

3. During all times mentioned in this Complaint, the Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut and the City of New Haven.

4. The individually named Defendants, and each of them, performed all the herein alleged acts for and in the name of the City of New Haven.

5. The New Haven Police Department ("Police Department") was and is an agency of the City of New Haven.

6.  At all times mentioned in this Complaint, the individually named Defendants acted jointly and in concert with each other.  Each Defendant had the duty and the opportunity to protect the Plaintiff from the unlawful actions of the other Defendants, but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

7.   On the evening of April 26, 2017, at approximately 7:25 p.m. Defendant Officer MARK SALVATI (Badge Number 279) and Defendant Officer JUSTIN ROSELLE (Badge Number 988) were on routine patrol in the vicinity of Foxon Boulevard in the City of New Haven.

8.  Defendants SALVATI and ROSELLE saw Plaintiff, Danny Robles, as he approached the intersection of Foxon Boulevard and Eastern Street.

9.  Plaintiff was driving a lawfully rented Jeep 4x4 east on Foxon Boulevard at the time the defendants saw him.

10.  It was still light outside as the sun had not yet set.

11.  The car Plaintiff was driving did not have tinted windows.

12.  Plaintiff was wearing a baseball hat.

13.  Plaintiff is African American.

14.  Defendants, were able to see that Plaintiff was African American and immediately pulled up behind Plaintiff at the traffic light at the intersection of Foxon Boulevard and Eastern Street.

15.  Plaintiff had done nothing illegal or violated any traffic laws at the time the Defendants pulled in behind him.

16.  The traffic light was red at the aforesaid intersection.

3

17. Plaintiff waited for light to turn green.

18. Upon the light turning green, Plaintiff proceeded to turn left onto Eastern Street.

19. Notwithstanding that Plaintiff was not breaking any criminal or motor vehicle laws, Defendants closely followed him onto Eastern Street.

20. Plaintiff travelled to the intersection of Eastern Street and Quinnipiac Avenue and stopped at the stop sign

21. Prior to stopping at the stop sign, Plaintiff activated his right turn signal.

22. Plaintiff then turned right onto Quinnipiac Avenue.

23. Notwithstanding that Plaintiff was not breaking any criminal or motor vehicle laws, Defendants closely followed Plaintiff onto Quinnipiac Avenue.

24. As Plaintiff approached intersection of Quinnipiac Avenue and Smith Avenue, he activated his left turn signal.

25. The light at the aforesaid intersection was red and Plaintiff came to a complete stop.

26. The light turned green and the plaintiff turned left onto Smith Avenue.

27. Notwithstanding that Plaintiff was not breaking any criminal or motor vehicle laws, Defendants closely followed him onto Smith Avenue.

28. Plaintiff approached intersection of Smith Avenue and Palmieri Avenue.

29. At the intersection of Smith Avenue and Palmieri Avenue, Plaintiff encountered a stop sign and came to a complete stop.

30. Plaintiff then continued straight on Smith Avenue.

31. Notwithstanding that Plaintiff was not breaking any criminal or motor vehicle laws, Defendants continued to closely follow him on Smith Avenue.

32. Plaintiff came to the intersection of Smith Avenue and Cross Street.

33. At the intersection of Smith Avenue and Cross Street, Plaintiff encountered a stop sign and came to a complete stop at the corresponding "stop line" painted on the street adjacent to the aforesaid stop sign.

34. Cross Street does not have a stop sign at the intersection with Smith Avenue.

35. It is difficult to see oncoming vehicles approaching Smith Avenue from Cross Street due to obstructions.

35. After coming to a complete stop at the aforesaid intersection, Plaintiff began to inch forward so that he could make sure there were no oncoming vehicles approaching from Cross Street and that it was safe to cross over Cross Street into his apartment complex.

36. At this moment, Defendants, without probable cause, effectuated a motor vehicle stop of Plaintiff, as he entered the parking lot of his apartment complex.

37. Notwithstanding that Plaintiff was not breaking any criminal or motor vehicle laws, Defendants approached his stopped vehicle.

38. Plaintiff provided appropriate license and registration information and questioned Defendants as to why he was stopped.

39. In response to Plaintiff's question, Defendant SALVATI demanded Plaintiff step out of his vehicle, to which Plaintiff asked why Defendant, "why."

41. Defendant SALVATI's response to Plaintiff was "get the fuck out."

42.  Defendants' SALVATI and ROSELLE were heard by Plaintiff to say, "I smell weed," "I smell coke."

43.  Plaintiff, who is disabled and walks with the aid of a cane, did not comply with Defendants' request fast enough to satisfy them, and was dragged from his vehicle to the ground by Defendant SALVATI, causing pain to Plaintiff.

44.  Defendant ROSELLE came around Plaintiff's vehicle and while Plaintiff was on the ground put his knee into Plaintiff's back while simultaneously pushing Plaintiff's face into the roadway causing Plaintiff pain.

44.  While still on the ground, Plaintiff was kicked and punched by Defendants SALVATI and ROSELLE, causing him pain.

45.  Later, Defendant ROSELLE, filed a report of the aforesaid incident, that contained material omissions and intentional falsehoods, in an effort to cover up Defendants' misconduct.

46.  Plaintiff was then handcuffed by Defendants.

47.  Defendants EDUARDO LEONARDO, JOHN GREGORGCYK, ANTHONY MAGNANO, MATTHEW BORGES, FRANCISCO SANCHEZ, and MARTIN FELICIANO arrived on the scene.

48.  Shortly after arriving, Defendant LEONARDO, administered pepper spray to the Plaintiff's face while Plaintiff was lying on the ground handcuffed.

49.  Defendant LEONARDO later filed a false report about the sequence of events leading up to the use of pepper spray in Plaintiff's face.

50.  Plaintiff's car and person was unlawfully searched by Defendants and no contraband was found.

51.  A police K-9 unit was brought to the scene and conducted a search of the Plaintiff and his vehicle and no contraband was found.

52.  Plaintiff was subsequently taken by the Defendants to the New Haven Police Department and held in a cell overnight before being released the next morning.

53.  In the manner described herein, the Defendants acted both maliciously and with reckless disregard of the Plaintiff's constitutional rights.

54.  The acts and omissions of said Defendants, including but not limited to:

>    A.  The use of excessive force on the Plaintiff that constituted unreasonable and unnecessary force;
>
>    B.  The search of Plaintiff's person and vehicle, that constituted an unreasonable and an unconstitutional intrusion into Plaintiff's privacy;
>
>    C.  The pretextual motor vehicle stop and seizure of Plaintiff that was the result of unlawful racial profiling;
>
>    D.  Filing reports that contained false accounts of what transpired to cover up their misconduct;

violated rights secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

55.  As a direct and proximate result of the acts and omissions of the Defendants herein described, the Plaintiff DANNY ROBLES sustained injuries, including but not limited to, bruising to both elbows, wrists and right hip/flank, multiple abrasions, swelling and pain to his right toe, pain to his neck, shoulder and back, multiple contusions, sleeplessness, loss of appetite, and general debility; some or all of these injuries may be permanent in nature.

56.  As a further direct and proximate result of the acts and omissions of the Defendants herein described, the Plaintiff DANNY ROBLES has undergone medical testing and treatment; he has also suffered great physical and emotional pain, fear, and anxiety; he has lost the ability to enjoy life in the manner customary for him; and in addition he has suffered the loss of all the constitutional rights described herein.

*WHEREFORE*, the Plaintiff claim judgment against the Defendants and each of them, jointly and severally as follows:

A.  Compensatory damages in an amount this Court shall consider to be just and fair;

B.  Punitive damages in an amount this Court shall consider to be just and fair;

C.  Attorney fees and the cost of this action;

D.  Such other relief as this Court shall consider to be fair and equitable.

THE PLAINTIFF


BY

Glenn M. Conway
Federal Bar No.17946
Conway Law Firm, LLC
7 Elm St.
New Haven, CT 06510
(203) 624-1400