## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DANNY ROBLES               :
                              :       **CASE NO.**
             **Plaintiff**   :
      **v.**               :       **3:19-cv-00566 (CSH)**
                              :
MARK SALVATI, ET AL.    :
                              :       **June 19, 2019**
          **Defendants** :

## ANSWER AND AFFIRMATIVE DEFENSE OF DEFENDANT MARTIN FELICIANO TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### INTRODUCTION

To the extent that this paragraph sets forth a summary of the nature of the plaintiff's claims, it does not require a response, but, to the extent that said paragraph contains any allegations, they are denied.

### JURISDICTION

To the extent that this paragraph is setting forth the jurisdictional basis of the plaintiff's federal constitutional claims it is admitted, however to the extent that it is setting forth pendant jurisdiction of the court with respect to state law claims it is denied as it is does not appear that any state law claims are being made in the First Amended Complaint.

### COUNT ONE

1.     As to that portion of Paragraph 1 as alleges that the plaintiff is a citizen of the United States, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof; and the remaining portion of this paragraph is admitted.

2.     So much of Paragraph 2 as alleges that this defendant was a duly appointed officer of the Police Department of the City of New Haven, Connecticut is admitted; and, as to the remaining portion of this paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

3.     So much of paragraph 3 as alleges that this defendant was acting under color of law as that term has been defined by the Federal Courts is admitted; and, as to the remaining portion of this paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leave the plaintiff to his proof.

4.     To the extent that paragraph 4 is alleging that this defendant was acting in the course of his employment as a police officer employed by the City of New Haven at all times relevant to the First Amended Complaint, it is admitted; to the extent that this paragraph is either explicitly or implicitly alleging some other claim, it is denied.

5.     Paragraph 5 is admitted to the extent that the Police Department of the City of New Haven is a department of said City and not an agency.

6.     So much of paragraph 6 that alleges that this defendant jointly and in concert with the other named defendants, had the opportunity to protect the plaintiff from the unlawful actions of the other defendants, but failed in his duty to do so, thereby proximately causing the plaintiff's injuries, is denied; and, as to the remaining portion of this paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

7.      As to Paragraph 7, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

8.      As to Paragraph 8, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

9.      As to Paragraph 9, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

10.      Based on information and belief, Paragraph 10 is admitted.

11.      As to Paragraph 11, this defendant does not recall if the motor vehicle being operated by the plaintiff had or did not have tinted windows, and therefore leaves the plaintiff to his proof.

12.      As to paragraph 12, this defendant does not recall if the plaintiff was wearing a baseball hat, and therefore leaves the plaintiff to his proof.

13.      As to paragraph 13, this defendant does not recall if the plaintiff was an African American, and therefore leaves the plaintiff to his proof.

14.      As to Paragraph 14, assuming that this paragraph is directed to what other defendants may have observed and their actions, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof; to the extent that this paragraph is alleging what this defendant observed and his actions, it is denied.

15.      As to Paragraph 15, assuming that this paragraph is directed to other defendants and what they may have observed and their actions, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore

leaves the plaintiff to his proof; to the extent that this paragraph is alleging what this defendant observed and his actions, it is denied.

16.     As to Paragraph 16, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

17.     As to Paragraph 17, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

18.     As to Paragraph 18, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

19.     As to Paragraph 19, assuming that this paragraph is directed to what other defendants may have observed and their actions, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof; to the extent that this paragraph is alleging what this defendant observed and his actions, it is denied.

20.     As to Paragraph 20, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

21.     As to Paragraph 21, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

22.     As to Paragraph 22, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

23.     As to Paragraph 23, assuming that this paragraph is directed to what other defendants may have observed and their actions, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the

plaintiff to his proof; to the extent that this paragraph is alleging what this defendant observed and his actions, it is denied.

24.     As to Paragraph 24, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

25.     As to Paragraph 25, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

26.     As to Paragraph 26, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

27.     As to Paragraph 27, assuming that this paragraph is directed to what other defendants may have observed and their actions, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof; to the extent that this paragraph is alleging what this defendant observed and his actions, it is denied.

28.     As to Paragraph 28, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

29.     As to Paragraph 29, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

30.     As to Paragraph 30, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

31.     As to Paragraph 31, assuming that this paragraph is directed to what other defendants may have observed and their actions, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the

plaintiff to his proof; to the extent that this paragraph is alleging what this defendant observed and his actions, it is denied.

32.     As to Paragraph 32, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

33.     So much of Paragraph 33 as alleges that there is a stop sign at the intersection of Smith Avenue and Cross Street is, based upon information and belief, admitted; and, as to the remaining portion of this paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

34.     Paragraph 34, based on information and belief, is admitted.

35.     As to Paragraph 35, this defendant is not aware of the intersection conditions at the time the plaintiff approached it, therefore he does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

36.     As to Paragraph 36, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

37.     As to Paragraph 37, assuming that this paragraph is directed to the actions of other defendants, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof; to the extent that this paragraph is alleging what this defendant did, it is denied.

38.     As to Paragraph 38, assuming that this paragraph is directed to what other defendants may have observed and their actions, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the

plaintiff to his proof; to the extent that this paragraph is alleging what this defendant observed and his actions, it is denied.

39.     As to Paragraph 39, assuming that this paragraph is alleging what items were provided to other defendants and what question or questions they allegedly were asked by the plaintiff, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof; to the extent that this paragraph is alleging what items were provided to this defendant and what question or questions he was asked by the plaintiff , it is denied.

40.     As to Paragraph 40, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

41.     As to Paragraph 41, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

42.     As to Paragraph 42, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

43.     As to Paragraph 43, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

44.     As to Paragraph 44, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

45.     As to Paragraph 45, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

46.     So much of Paragraph 46 that alleges that Defendant Roselle filed a report concerning this incident is admitted; so much of this paragraph that either explicitly or implicitly alleges any misconduct on the part of this defendant is denied;

and, as to the remaining portion of this paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

47.     So much of Paragraph 47 as alleges the plaintiff was handcuffed is admitted, however, as to when the handcuffing took place and by whom, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

48.     This defendant does not recall the identities of all of the officers who were on scene but based on information contained in the police reports concerning this incident, this paragraph is admitted.

49.     While this defendant has no recollection of pepper spray being deployed, based upon the police report prepared by Defendant Leonardo, so much of Paragraph 49 that alleges that Defendant Leonardo deployed pepper spray against the plaintiff is admitted; and, as to the remaining portion of this paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

50.     As to Paragraph 50, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

51.     To the extent that Paragraph 51 is alleging that this defendant was involved in a search of plaintiff's car and person, it is denied;  as to any other allegations contained in this paragraph, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

52.     So much of Paragraph 52 as alleges that a "police K-9 unit was brought to the scene" is denied as alleged in that this defendant responded to the scene with his K-9 when he heard over the radio either Defendant Salvati or Defendant Roselle requesting additional units; it is denied that the K-9 conducted a search of the plaintiff; and it is denied that the K-9 searched the plaintiff's vehicle other than to do a cursory "open air sniff" around the exterior of the vehicle that did not alert this defendant to the presence of any contraband.

53.     As to Paragraph 53, this defendant does not have sufficient knowledge or information upon which to form a belief, and therefore leaves the plaintiff to his proof.

54.     Paragraph 54 is denied by this defendant.

55.     Paragraph 55 is denied by this defendant.

56.     Paragraph 56 is denied by this defendant.

57.     Paragraph 57 is denied by this defendant.

## AFFIRMATIVE DEFENSE

1.     At all relevant times, this defendant was a government employee whose actions were discretionary, and additionally, one or both of the following would apply:

    (a)     this defendant's actions did not violate any of the plaintiff's clearly established rights under the Constitution and laws of the United States;

    (b)     it was objectively reasonable for this defendant to believe that his actions were lawful.

2.     This defendant is entitled to qualified immunity from suit for the actions alleged against him.

THE DEFENDANT,
MARTIN FELICIANO

BY:     /s/ *Michael A. Wolak, III*
        Michael A. Wolak, III
        Assistant Corporation Counsel
        City of New Haven
        Office of Corporation Counsel
        165 Church Street
        New Haven, CT 06510
        Tel. #: (203)946-7970
        Fax #: (203) 946-7942
        E-mail: mwolak@newhavenct.gov
        Fed. Bar #ct12681
        His Attorney

## CERTIFICATION

I hereby certify that on June 19, 2019, the Answer and Affirmative Defense of Defendant Martin Feliciano to Plaintiff's First Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

        /s/ *Michael A. Wolak, III*
        Michael A. Wolak, III