UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANNY ROBLES | : | NO.: 3:19-CV-00566 (CSH) |
| | : | |
| v. | : | |
| | : | |
| MARK SALVATI, ET AL | : | JULY 1, 2022 |

**JOINT TRIAL MEMORANDUM**

Pursuant to the Court's Trial Order [Doc. 57] of December 9, 2021, the parties herby submit the following Trial Memorandum.

**I.**   **TRIAL COUNSEL:**

For the Plaintiff:

Glenn M. Conway
Conway Law Firm, LLC
7 Elm St.
New Haven, CT 06510
Ph: (203) 624-1400
Fax: (203) 773-3508
E-mail: conwaylawfirm@gmail.com

For Defendant Eduardo Leonardo:

James N. Tallberg
Karsten & Tallberg, LLC
500 Enterprise Dr., Suite 4B
Rocky Hill, CT 06067
Ph: (860) 233-5600
Fax: (860) 233-5800
E-mail: jtallberg@kt-lawfirm.com

For Defendants Mark Salvati and Justin Roselle:

Thomas R. Gerarde
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-11921
Ph: (860) 249-1361
Fax: (860) 249-7665
E-mail: tgerarde@hl-law.com

**II.     JURISDICTION:**

This is a civil rights action arising under 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

**III.    JURY/NON-JURY:**

This case is to be tried to a jury.

**IV.    LENGTH OF TRIAL:**

The parties estimate that the presentation of evidence in this matter will take three to four days.

**V.     FURTHER PROCEEDINGS:**

Any hearings which may be scheduled with regard to motions *in limine*.

**VI.    NATURE OF CASE:**

<u>Plaintiff's Statement</u>

The plaintiff, Danny Robles, has brought this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his constitutional rights during the course of a motor vehicle stop and his subsequent arrest on the evening of April 26, 2017. More specifically, on the evening of April 26, 2017, while in his motor vehicle, obeying all traffic laws, was stopped by New Haven Police Officers Mark Salvati and Justin Roselle. Plaintiff, Danny Robles, had a brief interaction with a white male in the parking lot of Burger King and then departed onto Foxon Boulevard. As the plaintiff approached the intersection of Foxon Boulevard and Eastern Street defendants Salvati and Roselle immediately pulled up behind plaintiff at the traffic light at the intersection of Foxon Boulevard and Eastern Street. Plaintiff had done nothing illegal or violated any traffic laws at the time the

defendants pulled in behind him.  The traffic light was red at the intersection.  Mr. Robles waited for light to turn green.  Upon the light turning green, Mr. Robles proceeded to turn left onto Eastern Street.  Notwithstanding that plaintiff was not breaking any criminal or motor vehicle laws, defendants closely followed him onto Eastern Street.  Plaintiff travelled to the intersection of Eastern Street and Quinnipiac Avenue and stopped at the stop sign.  Prior to stopping at the stop sign, plaintiff activated his right turn signal.  Plaintiff then turned right onto Quinnipiac Avenue.  Notwithstanding that plaintiff was not breaking any criminal or motor vehicle laws, defendants continued to closely follow plaintiff onto Quinnipiac Avenue.  As plaintiff approached intersection of Quinnipiac Avenue and Smith Avenue, he activated his left turn signal.  The light at the aforesaid intersection was red and plaintiff came to a complete stop.  The light turned green and the plaintiff turned left onto Smith Avenue.  Notwithstanding that plaintiff was not breaking any criminal or motor vehicle laws, defendants closely followed him onto Smith Avenue.  Plaintiff approached the intersection of Smith Avenue and Palmieri Avenue.  At the intersection of Smith Avenue and Palmieri Avenue, plaintiff encountered a stop sign and came to a complete stop.  Plaintiff then continued straight on Smith Avenue.  Notwithstanding that plaintiff was not breaking any criminal or motor vehicle laws, defendants continued to closely follow him on Smith Avenue.  Plaintiff came to the intersection of Smith Avenue and Cross Street.  At the intersection of Smith Avenue and Cross Street, plaintiff encountered a stop sign and came to a complete stop at the corresponding "stop line" painted on the street adjacent to the aforesaid stop sign.  Cross Street does not have a stop sign at the intersection with Smith Avenue.  It is difficult to see oncoming vehicles approaching

Smith Avenue from Cross Street due to obstructions. After coming to a complete stop at the aforesaid intersection, plaintiff began to inch forward so that he could make sure there were no oncoming vehicles approaching from Cross Street and that it was safe to cross over Cross Street into his apartment complex. At this moment, defendants, without probable cause, effectuated a motor vehicle stop of plaintiff, as he entered the parking lot of his apartment complex. Notwithstanding that plaintiff was not breaking any criminal or motor vehicle laws, defendants Salvati and Roselle approached his stopped vehicle. Plaintiff provided appropriate license and registration information and questioned defendants as to why he was stopped. In response to plaintiff's question, defendant Salvati demanded plaintiff step out of his vehicle, to which plaintiff asked "why." Defendant Salvati's response to plaintiff was "get the fuck out." Defendants' Salvati and Roselle were heard by plaintiff to say, "I smell weed," "I smell coke." Plaintiff, who is disabled and walks with the aid of a cane, did not comply with defendants' request fast enough to satisfy them, and was dragged from his vehicle to the ground by defendant Salvati, causing pain to plaintiff. Defendant Roselle came around plaintiff's vehicle and while plaintiff was on the ground put his knee into plaintiff's back while simultaneously pushing plaintiff's face into the roadway causing plaintiff pain. While still on the ground, plaintiff was kicked and punched by defendants Salvati and Roselle, causing him pain. Later, defendant Roselle, filed a report of the aforesaid incident, that contained material omissions and intentional falsehoods, in an effort to cover up defendants' misconduct. Plaintiff was then handcuffed by defendants. Defendant Eduardo Leonardo arrived on the scene with other officers. Shortly after arriving, defendant Leonardo, without justification walked up to the plaintiff, who was on

4

the ground with his hands handcuffed behind his back, and sprayed pepper spray into the eyes and face of the plaintiff causing pain.  Defendant Leonardo later filed a false report about the sequence of events leading up to the use of pepper spray in plaintiff's face.  Plaintiff's car and person were unlawfully searched by defendants and no contraband was found.  A police K-9 unit was brought to the scene and conducted a search of the plaintiff and his vehicle and no contraband was found.  Plaintiff was subsequently taken by the defendants to the New Haven Police Department and held in a cell overnight before being released the next morning.

    In the manner described herein, the defendants acted both maliciously and with reckless disregard of the plaintiff's constitutional rights.  The acts and omissions of said defendants, including but not limited to:  The use of excessive force on the plaintiff that constituted unreasonable and unnecessary force; the pretextual motor vehicle stop and seizure of plaintiff that was the result of unlawful racial profiling; filing reports that contained false accounts of what transpired to cover up their misconduct; violated rights secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.  The plaintiff sustained injuries, including but not limited to, bruising to both elbows, wrists and right hip/flank, multiple abrasions, swelling and pain to his right toe, pain to his neck, shoulder and back, multiple contusions, sleeplessness, loss of appetite, and general debility; some or all of these injuries may be permanent in nature.  Additionally, the plaintiff has undergone medical testing and treatment; he has also suffered great physical and emotional pain, fear, and anxiety; he has lost the ability to enjoy life in the manner customary for him; additionally, he has suffered the loss of all the constitutional rights described herein.

Consequently, the plaintiff claims judgment against the defendants and each of them, jointly and severally as follows: Compensatory damages, Punitive damages, Attorney fees and the costs of this action.

Defendants' Statement

The plaintiff, Danny Robles, has brought this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his constitutional rights during the course of a motor vehicle stop and his subsequent arrest on the evening of April 26, 2017. More specifically, on the evening of April 26, 2017, New Haven Police Officers Mark Salvati and Justin Roselle effectuated a motor vehicle stop of the plaintiff after witnessing him fail to yield the right of way to multiple cars at the intersection of Smith Avenue and Cross Street in New Haven. During the course of the traffic stop, Officer Roselle asked the plaintiff to exit his vehicle. The plaintiff questioned why he had to exit the vehicle, and was advised that it was for officer safety. After being asked several times to exit the vehicle, the plaintiff reached behind his back with his right hand. Officer Salvati ordered the plaintiff to show his hands, however, the plaintiff continued to reach behind him. At that point, Officer Salvati opened the car door, grabbed the plaintiff's arm and yanked it from behind his back. The force of the yank caused the plaintiff to come out of the vehicle and they fell to the ground. Upon falling to the ground, Officer Salvati heard a distinct sound of a hard object hitting the asphalt. A physical struggle ensued. The officers radioed for the assistance of additional units as the struggle continued.

Officer Eduardo Leonardo responded to the call for assistance. Upon Officer Leonardo's arrival at the scene, he observed the plaintiff seated upright on the ground

near his vehicle, and noticed that the plaintiff had a relatively large range of motion in his arms due to the officers "double cuffing" him, or using two sets of handcuffs linked together to provide greater movement. The plaintiff was flailing his arms and continued to struggle and twist his body, while yelling and screaming.  A Northwest Trail Knife was also observed within reach of the plaintiff at this time.  Officer Leonardo announced that he would be utilizing his department issued OC Spray in an effort to gain the plaintiff's compliance in light of the plaintiff's continued verbal and physical aggression, active non-compliance with the officers' instructions to stop resisting, and concern for officer safety given that the pocket knife was within reach of the plaintiff.  Officer Eduardo then deployed a single two-second blast of his OC Spray directed at the plaintiff's forehead. The plaintiff was secured shortly thereafter.

The plaintiff claims that Officers Mark Salvati and Justin Roselle racially profiled him, conducted a pretextual motor vehicle stop, made a false report against him, and that they used excessive force against him.  The plaintiff further claims that Officer Eduardo Leonardo's utilization of OC Spray constituted an excessive use of force.

It is the defendants' position that the only relevant claims for trial are the constitutionality of the motor vehicle stop based upon the plaintiff's failure to properly stop his vehicle at the stop sign and the reasonableness of the defendants' use of force. First, the law in this Circuit is well established that "reasonable suspicion of a traffic violation provides a sufficient basis under the Fourth Amendment for law enforcement officers to make a traffic stop."  United States v. Stewart, 551 F.3d 187, 193 (2d Cir. 2009).  Moreover, '[i]f an officer has observed a traffic violation, his actual motivation for stopping the vehicle is irrelevant to whether the stop is constitutionally reasonable."

United States v. Foreste, 780 F.3d 518, 523 (2d Cir. 2015), citing Whren v. United States, 517 U.S. 806, 810, 813, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996).  Finally, the making of a false report does not itself constitute a constitutional violation under § 1983.  See Williams v. Smith, 781 F.2d 319, 324 (2d Cir. 1986).

Accordingly, any claim of alleged racial profiling, a pretextual motor vehicle stop, or the making of a false report are irrelevant in this matter.  Rather, the issue for the jury is whether the plaintiff failed to properly stop at the stop sign located at the intersection of Smith Avenue and Cross Street giving rise to reasonable suspicion and/or probable cause for Officers Salvati and Roselle to believe that the plaintiff committed a traffic infraction, and whether the defendants' use of force was excessive under the circumstances presented.  Defendants Salvati and Roselle have filed, simultaneously herewith, a motion *in limine* as to these alternative claims raised by the plaintiff.

**VII.   TRIAL BY MAGISTRATE JUDGE:**

The parties have not agreed to a trial by a Magistrate Judge.

**VIII.  EVIDENCE:**

    **A.   Witnesses**

Plaintiff's Witness List

1. Haven, CT

It is anticipated that Officer Salvati will testify as to his background, training and experience as a police officer and member of the Crime Suppression Unit, as well as his knowledge and involvement in the circumstances surrounding the traffic stop, arrest and detention of the plaintiff on April 26, 2017.  It is anticipated that this witness' testimony will be approximately three to four hours.

8

2.  Officer Justin Roselle, New Haven Police Department, 1 Union Avenue, New Haven, CT

It is anticipated that Officer Roselle will testify as to his background, training and experience as a police officer and member of the Crime Suppression Unit, as well as his knowledge and involvement in the circumstances surrounding the traffic stop, arrest and detention of the plaintiff on April 26, 2017. It is anticipated that this witness' testimony will be approximately three to four hours.

3.  Officer Eduardo Leonardo, New Haven Police Department, 1 Union Avenue, New Haven, CT

It is anticipated that Officer Leonardo will testify as to his background, training and experience as a police office, as well as his knowledge and involvement in the circumstances surrounding the traffic stop, arrest and detention of the plaintiff on April 26, 2017. It is anticipated that this witness' testimony will be approximately three to four hours.

4.  Danny Robles, 16 Blue Cliff Terrace, New Haven, CT

It is anticipated that the plaintiff will testify as to his knowledge and involvement in the circumstances surrounding the traffic stop and his and arrests and detention by the New Haven Police Department on April 26, 2017, as well as his claimed damages. It is anticipated that this witness' testimony will be approximately three to four hours.

5.  Officer Martin Feliciano, New Haven Police Department, 1 Union Avenue, New Haven, CT

It is anticipated that Officer Feliciano will testify as to his background, training and experience as a police office, as well as his knowledge and involvement in the circumstances surrounding the traffic stop, arrest and detention of the plaintiff on April 26, 2017. It is anticipated that this witness' testimony will be approximately one hour.

Defendants' Witness List

1.  Officer Mark Salvati, New Haven Police Department, 1 Union Avenue, New Haven, CT

It is anticipated that Officer Salvati will testify as to his background, training and experience as a police officer and member of the Crime Suppression Unit, as well as his knowledge and involvement in the circumstances surrounding the traffic stop, arrest and detention of the plaintiff on April 26, 2017. It is anticipated that this witness' testimony will be approximately three to four hours.

2. Officer Justin Roselle, New Haven Police Department, 1 Union Avenue, New Haven, CT

It is anticipated that Officer Roselle will testify as to his background, training and experience as a police officer and member of the Crime Suppression Unit, as well as his knowledge and involvement in the circumstances surrounding the traffic stop, arrest and detention of the plaintiff on April 26, 2017. It is anticipated that this witness' testimony will be approximately three to four hours.

3. Officer Eduardo Leonardo, New Haven Police Department, 1 Union Avenue, New Haven, CT

It is anticipated that Officer Leonardo will testify as to his background, training and experience as a police office, as well as his knowledge and involvement in the circumstances surrounding the traffic stop, arrest and detention of the plaintiff on April 26, 2017. It is anticipated that this witness' testimony will be approximately three to four hours.

4. Danny Robles, 16 Blue Cliff Terrace, New Haven, CT

It is anticipated that the plaintiff will testify as to his knowledge and involvement in the circumstances surrounding the traffic stop and his and arrests and detention by the New Haven Police Department on April 26, 2017, as well as his claimed damages. It is anticipated that this witness' testimony will be approximately three to four hours.

**B.     Exhibits**

Plaintiff's Exhibit List

Plaintiff adopts the Defendants' Exhibit List. Additionally, plaintiff lists the following proposed exhibits:

1. 4/26/2017 Report authored by Officer Roselle
2. 4/26/2017 Use of Force Report authored by Officer Leonardo
3. 4/26/2017 Report authored by Officer Leonardo
4. 4/26/2017 Report authored by Officer Feliciano


Defendants' Exhibit List

A. Google Map overhead photo of intersection of Smith Avenue and Cross Street, New Haven, CT
B. Google Map street view photo of intersection of Smith Avenue and Cross Street, New Haven, CT

  C. Google Map street view photo of intersection of Smith Avenue and Cross Street, New Haven, CT
  D. Google Map overhead photo of intersection of Sunset Ridge Apartments and Blue Cliff Terrace, New Haven, CT
  E. Google Map overhead photo of intersection of Sunset Ridge Apartments and Blue Cliff Terrace, New Haven, CT
  F. Incident Report re Related Property List
  G. Yale New Haven Hospital Emergency Department medical records re treatment of Danny Robles on April 28, 2017

  **C.** **Deposition Testimony**

The following witnesses are anticipated to testify by deposition at trial:  None.

**IX.** **STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

  **A.** **Stipulation of Facts and Law**

  1. The plaintiff, Danny Robles, is a citizen of the United States residing in New Haven, Connecticut.

  2. The defendants, Mark Salvati, Justin Roselle and Eduardo Leonardo were, at all times relevant to this litigation, police officers of the City of New Haven sworn to uphold the Constitution and laws of the United States and the State of Connecticut.  The defendants were, at all times material to this action, on duty and acting under color of law.

  3. This is a civil rights action arising under 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

  4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

  5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the conduct complained of in this action occurred in and around New Haven, Connecticut and had its impact in Connecticut.

**B.     Proposed Voir Dire Questions**

See plaintiff's Proposed Voir Dire Questions, attached hereto.

See the defendants' Proposed Voir Dire Questions, attached hereto.

**C.     Proposed Jury Instructions**

See plaintiff's Proposed Jury Instructions, attached hereto.

See the defendants' Proposed Jury Instructions, attached hereto.

**D.     Proposed Verdict Form**

Plaintiff adopts defendants' Proposed Verdict Form.

See the defendants' Proposed Verdict Form, attached hereto.

**E.     Brief Description of Case and Parties**

<u>NOTE</u>:  In light of, and consistent with, the defendants' Motion *in Limine* regarding the plaintiff's claims, the parties will formulate a description of the case to be read to he jury once the Motion *in Limine* is decided by the Court.  In the interim, the parties submit the following Brief Description of the Case:

The plaintiff, Danny Robles, has brought this action pursuant to 42 U.S.C. § 1983 for the alleged violation of his constitutional rights during the course of a motor vehicle stop and his subsequent arrest on the evening of April 26, 2016.  The plaintiff claims that Officers Mark Salvati and Justin Roselle stopped his motor vehicle without reasonable suspicion or probable cause to do so.  The plaintiff further claims that the defendants, Officers Salvati, Roselle, and New Haven Police Officer Eduardo Leonardo, used excessive force against him.

The plaintiff seeks compensatory damages, punitive damages, attorney's fees and costs.

The defendants deny that the plaintiff's rights were violated.  The defendants contend that their conduct was, at all times, objectively reasonable given the totality of circumstances that they confronted.

## X.     ANTICIPATED EVIDENTIARY PROBLEMS

The defendants, Mark Salvati and Justin Roselle, have filed herewith a Motion *in Limine* to preclude any evidence and/or testimony regarding any alleged claims of a pretextual motor vehicle stop, racial profiling, and the making of a false report as such extraneous claims are not properly pled and are otherwise irrelevant to the issues to be determined by the jury in this matter.

THE PLAINTIFF,
DANNY ROBLES


By_____/s/ Glenn M. Conway_____
   Glenn M. Conway
   Federal Bar No.: ct17946
   Conway Law Firm, LLC
   7 Elm St.
   New Haven, CT 06510
   Ph: (203) 624-1400
   Fax: (203) 773-3508
   E-mail: conwaylawfirm@gmail.com

DEFENDANT,
EDUARDO LEONARDO


By_____/s/ James N. Tallberg_____
   James N. Tallberg
   Federal Bar No.: ct17849
   Karsten & Tallberg, LLC
   500 Enterprise Dr., Suite 4B
   Rocky Hill, CT 06067
   Ph: (860) 233-5600
   Fax: (860) 233-5800
   E-mail: jtallberg@kt-lawfirm.com

DEFENDANTS,
MARK SALVATI AND JUSTIN ROSELLE


By         /s/ Thomas R. Gerarde
   Thomas R. Gerarde (ct05640)
   Beatrice S. Jordan (ct22001)
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-11921
   Ph:  (860) 249-1361
   Fax:  (860) 249-7665
   E-mail: tgerarde@hl-law.com
   E-mail: bjordan@hl-law.com

**<u>CERTIFICATION</u>**

      This is to certify that on July 1, 2022, a copy of the foregoing Joint Trial Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                                             /s/ Beatrice S. Jordan
                                                                            Beatrice S. Jordan